IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| VERONICA M. AKINES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 02-2483 B/An |
| | ) | |
| SHELBY COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

and

| | | |
|---|---|---|
| CHAKA C. WATSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 02-2691 Ma/An |
| | ) | |
| SHELBY COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Emergency Motion to Set Rule 16(b) Scheduling Conference filed on March 24, 2005. United States District Judge J. Daniel Breen referred the Motion to the Magistrate Judge for determination. The Court held a hearing on the instant Motion on April 7, 2005, and for the reasons set forth below, the Court recommends that the Motion should be **GRANTED**.

1

## BACKGROUND

This case involves sexual harassment claims by female employees of Defendant Shelby County Government ("Shelby County") who are assigned to work with inmates at the Shelby County Correctional Center (the "Center"). Plaintiffs were in contact with inmates on a regular or even daily basis at the Center, and Plaintiffs allege they were exposed to sexual harassment by inmates. Although Judge Breen granted in part and denied in part Defendant's Motion for Summary Judgment, Defendant stated in the hearing that it would be filing another motion for summary judgment before the dispositive motions deadline.[1]

Plaintiffs filed the instant motion requesting that the Court extend deadlines in the Rule 16(b) Scheduling Order. The Court has already extended the deadlines in the Scheduling Order on multiple occasions, including orders entered by Judge Breen on October 21, 2003, August 19, 2004 and January 24, 2005. At the hearing Plaintiffs' counsel Ms. Kathleen Caldwell requested additional time to conduct discovery, take depositions, and prepare Plaintiffs' expert disclosures. Mr. Hite McLean, counsel for Defendant Shelby County, informed the Court that Shelby County would agree to an extension in the dispositive motion deadline and the deadline for completing written discovery; however, Shelby County could not consent to an extension in the expert disclosure deadline or a continuance of the trial date.

This case involves twenty-two separate plaintiffs, and Ms. Caldwell and Mr. McLean have spent numerous days deposing each plaintiff. Although it took many hours to complete, all

---

[1] Judge Breen's Order on Defendant's Motion for Summary Judgment was entered on August 9, 2004 and can be found at docket entry 83. Shelby County states that it will file another Motion for Summary Judgment that will take into account factors from Judge Breen's previous Order that have changed.

but two plaintiffs have been deposed.[2] Ms. Caldwell stated at the deposition that she suffers from diabetes, so she is unable to depose the plaintiffs for long periods of time without eating or drinking. The parties, therefore, take regular breaks during the depositions and stop around 5:00 P.M. every day. Ms. Caldwell also notes that she prefers to be thorough in the depositions, so each deposition could take anywhere from half an hour to over a day to complete. Ms. Caldwell is also currently preparing to take the depositions of several key defense witnesses, including the Shelby County Sheriff. Ms. Caldwell requests additional time to prepare for and take these depositions.

Ms. Caldwell also requests additional time to complete written discovery. The parties consent to extending the written discovery deadline to May 27, 2005, and Mr. McLean stated at the hearing that Shelby County would be open to extending the deadlines for an additional period of time, so long as the deadline is not extended into August of this year. The parties are also in agreement that the dispositive motions deadline should be extended. At the hearing, Ms. Caldwell argued that it is taking her significant amounts of time to go through the personnel files of each plaintiff and search for relevant information. Ms. Caldwell is also attempting to create statistics and data for the inmates at the Center, as she stated at the hearing she is making a log of all inmates charged with a disciplinary matter at the Center. She is planning to forward this information to her retained expert for review, but all depositions must be complete before the information will be ready for her expert to review.

---

[2] Of the two plaintiffs that have not been deposed, one plaintiff is suffering from a mental illness and the other plaintiff is located outside of Memphis and cannot be found.

Ms. Caldwell requests that the Court extend the deadline for disclosing Plaintiffs' expert witnesses. Currently, Plaintiffs have retained one expert, and this expert is in the process of completing his review of the facts of this case and the statistics being provided by Ms. Caldwell. Ms. Caldwell has provided an expert report for this expert witness, but because of the large number of plaintiffs and the large quantity of materials that have to be reviewed, Ms. Caldwell has not been able to get all of the documentation ready for the expert to render an opinion. Ms. Caldwell is also planning to retain a second expert who will perform a psychological evaluation which will require the expert to evaluate each plaintiff. Plaintiffs are not prepared to disclose an expert report for the psychological expert; therefore, Ms. Caldwell requests additional time for her expert to complete her evaluations of each plaintiff.

Overall, Ms. Caldwell states it is unlikely she will be ready for trial by September and requests that the Court extend all deadlines and continue the trial date. On the other hand, Shelby County does not object to extending the deadline for completing written discovery and for filing dispositive motions, but Shelby County objects to extending the deadline for expert disclosures and to continuing the trial date.

## ANALYSIS

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the District Judge, or when authorized by Local Rule, by a Magistrate Judge."[3] Fed. R. Civ. P. 16(b). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case

---

[3] Pursuant to Administrative Order No. 2003, Motions to Amend Scheduling Order are to be decided by the Magistrate Judge without a specific order of reference.

4

management orders and requirements." *Latonia Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citing *Bradford v. Dana Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

In this case Plaintiffs request that the Court extend various deadlines. Plaintiffs also argue she will not be prepared for the Court's September trial date; therefore, the Court should continue the trial date. The Court is concerned that the parties are still in the process of taking depositions and completing written discovery when this case is over two years old; nevertheless, it appears that Ms. Caldwell and her staff have been working diligently to complete their review of personnel and inmate files and to prepare Plaintiffs' experts for trial. While it also appears that counsel could have been more diligent in preparing this case for trial in the past, the Court finds that Plaintiffs' Motion has merit, especially considering the large number of plaintiffs and the number of potential inmates who allegedly sexually harassed the plaintiffs.

Therefore, for good cause shown, the Court recommends that the motion should be **GRANTED**. The parties should be given additional time to complete discovery, disclose experts, and file disposition motions, and the Court recommends that the Rule 16(b) Scheduling Order should be amended to reflect the following deadlines:

(1) The deadline for completing all fact discovery including document production, interrogatories, requests for admissions, and depositions should be extended until August 15, 2005.

(2) The deadline for filing dispositive motions should be extended until September 15, 2005.

The Court also recommends that for good cause shown, the trial date should be continued until a date that is convenient for the Court in November or December 2005.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

*S. Thomas Anderson* (signature)
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: May 25, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 110 in case 2:02-CV-02483 was distributed by fax, mail, or direct printing on May 26, 2005 to the parties listed.

---

Kathleen L. Caldwell
LAW OFFICE OF KATHLEEN L. CALDWELL
2080 Peabody Ave.
Memphis, TN 38104

Hite McLean
LAW OFFICES OF HITE MCLEAN, JR.
2670 Union Avenue Extended
Ste. 825
Memphis, TN 38112--441

Glenwood Paris Roane
LAW OFFICE OF GLENWOOD P. ROANE, SR.
217 Exchange Ave.
Memphis, TN 38105--350

Honorable J. Breen
US DISTRICT COURT