IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| VERONICA AKINES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO.   02-2483 B/An |
| | ) | |
| SHELBY COUNTY GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CHAKA C. WATSON and LEKEISHA HUNT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO.   02-2691 B/An |
| | ) | |
| SHELBY COUNTY GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion for Order Dismissing Plaintiff Cotina Glover's Complaint for Failure to Appear for her Deposition filed on August 4, 2005. United States District Judge J. Daniel Breen referred this matter to the Magistrate Judge for a report and recommendation. For the following reasons, it is recommended that Defendant's Motion be **GRANTED**.

On May 23, 2004, Defendant's attorney sent Plaintiff's attorney a letter requesting dates that would be suitable for Cotina Glover's deposition. On June 17, 2005, Defendant's attorney served Plaintiff's attorney with a notice to take Ms. Glover's deposition on June 29, 2005. A

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-5-05

week and a half later, on June 28, 2005, Plaintiff's attorney notified Defendant's attorney that Ms. Glover would not appear for her deposition.

Rule 37(d) of the Federal Rules of Civil Procedure provides that a Court may impose sanctions upon a party who fails to appear for a deposition. Further, the Court is allowed to order such sanctions in regard to this failure as are authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Among other sanctions provided by the rule, Rule 37(b)(2)(C) authorizes the Court to make an order "dismissing the action."

"Dismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault. ...The dismissed party has the burden of proving that it could not comply with the discovery request." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) (citing *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985, 987 (6th Cir. 1989)). In this case, dismissal is warranted since Counsel for the Plaintiff unilaterally canceled the deposition one day before it was to take place and offers no explanation as to why the deposition was canceled or why the Plaintiff failed to appear.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: October 05, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 140 in case 2:02-CV-02483 was distributed by fax, mail, or direct printing on October 5, 2005 to the parties listed.

Kathleen L. Caldwell
LAW OFFICE OF KATHLEEN L. CALDWELL
2080 Peabody Ave.
Memphis, TN 38104

Glenwood Paris Roane
LAW OFFICE OF GLENWOOD P. ROANE, SR.
217 Exchange Ave.
Memphis, TN 38105--350

Hite McLean
LAW OFFICES OF HITE MCLEAN, JR.
2670 Union Avenue Extended
Ste. 1228
Memphis, TN 38112--441

Honorable J. Breen
US DISTRICT COURT